# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| FLORIDA HEALTH SCIENCES CENTER, INC., NORTH BROWARD HOSPITAL DISTRICT, HALIFAX HOSPITAL MEDICAL CENTER, BAYFRONT HMA MEDICAL CENTER, LLC, CGH HOSPITAL, LTD., CITRUS HMA, LLC, CENTRAL FLORIDA HEALTH, CRESTVIEW HOSPITAL CORPORATION, DELRAY MEDICAL CENTER, INC., FLAGLER HOSPITAL, INC., GOOD SAMARITAN MEDICAL CENTER, INC., HAINES CITY HMA, LLC, HERNANDO HMA, LLC, HIALEAH HOSPITAL, INC., HMA SANTA ROSA MEDICAL CENTER, LLC, KEY WEST HMA, LLC, LAKE SHORE HMA, LLC, LAKE WALES HOSPITAL CORPORATION, LARKIN COMMUNITY HOSPITAL PALM SPRINGS CAMPUS, LLC, LARKIN COMMUNITY HOSPITAL, INC., LARKIN COMMUNITY HOSPITAL BEHAVIORAL SERVICE, INC., LEESBURG REGIONAL MEDICAL CENTER, INC., LIFEMARK HOSPITALS OF FLORIDA, INC., LIVE OAK HMA, LLC, NAPLES HMA, LLC, NORTH SHORE MEDICAL CENTER, INC., OSCEOLASC LLC, PALM BEACH GARDENS COMMUNITY HOSPITAL, INC., PORT CHARLOTTE HMA, LLC, PUNTA GORDA HMA, LLC, ST. MARY'S MEDICAL CENTER, INC., STARKE HMA, LLC, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., AND VENICE HMA, LLC., | Case No.  0:19-cv-62992-JEM  (Removal from 17th Judicial Circuit, Broward County, Florida, Case No. CACE-19-018882)  **ORAL ARGUMENT REQUESTED** |

Plaintiffs,

v.

RICHARD SACKLER; BEVERLY SACKLER; DAVID SACKLER; ILENE SACKLER LEFCOURT; JONATHAN SACKLER; KATHE SACKLER; MORTIMER D.A. SACKLER; THERESA SACKLER; JOHN STEWART; MARK TIMNEY; CRAIG LANDAU; RUSSELL

GASDIA; BARBARA C. MILLER, BRIANN
PARSON-BARNES, BECCA BECK HARVILLE,
LINDSEY BONIFACIO, TAMMY HEYWARD,
JAMES SPEED, DAMON STORHOFF, DIANA
C. MULLER, DRAUPADI DALEY; AMNEAL
PHARMACEUTICALS, LLC; AMNEAL
PHARMACEUTICALS, INC.; TEVA
PHARMACEUTICAL INDUSTRIES, LTD.;
TEVA PHARMACEUTICALS USA, INC.;
CEPHALON, INC.; JOHNSON & JOHNSON;
JANSSEN PHARMACEUTICALS, INC.;
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. n/k/a JANSSEN
PHARMACEUTICALS, INC., JANSSEN
PHARMACEUTICA, INC. n/k/a JANSSEN
PHARMACEUTICALS, INC.; ABBOTT
LABORATORIES; ABBOTT LABORATORIES,
INC.; ASSERTIO THERAPEUTICS, INC.;
ENDO HEALTH SOLUTIONS, INC.; ENDO
PHARMACEUTICALS, INC.; PAR
PHARMACEUTICAL, INC.; PAR
PHARMACEUTICALS COMPANIES, INC.;
MALLINCKRODT, LLC; MALLINCKRODT
PLC; SPECGX, LLC; ALLERGAN PLC;
ALLERGAN FINANCE, LLC; ALLERGAN
SALES, LLC; ALLERGAN USA, INC.;
WATSON LABORATORIES, INC.; ACTAVIS
LLC; ACTAVIS PHARMA, INC.; ANDA, INC.;
H.D. SMITH, LLC f/k/a H.D. SMITH
WHOLESALE DRUG CO.; HENRY SCHEIN,
INC.; AMERISOURCEBERGEN DRUG
CORPORATION; CARDINAL HEALTH, INC.;
THE KROGER CO.; KROGER LIMITED
PARTNERSHIP II; CVS HEALTH
CORPORATION; CVS PHARMACY, INC.; CVS
INDIANA, L.L.C.; WAL-MART INC.; WAL-
MART STORES EAST, LP; NORAMCO, INC.;
WALGREEN CO., and WALGREEN EASTERN
CO., INC.

           Defendants.

2

<u>**PLAINTIFFS' SUPPLEMENTAL EXPEDITED MOTION TO REMAND**</u>
<u>**AND SUPPORTING MEMORANDUM**[1]</u>

**I.     INTRODUCTION**

On September 16, 2019, Plaintiffs commenced this action, asserting seven claims, including four Florida statutory claim and three Florida common law claims, against the Defendants. No claims asserted by Plaintiffs arise under any federal statutes. Among other remedies, Plaintiffs seek injunctive relief, compensatory damages, treble damages, punitive damages, and monies towards abating the nuisance created by Defendants.

Notwithstanding the lack of diversity jurisdiction, the lack of a federal claim, and the lack of any other plausible basis for federal jurisdiction, Defendants CVS Health Corporation, CVS Indiana, L.L.C. and CVS Pharmacy, Inc. (collectively "CVS") have removed this action to this Court. The same litigants have been doing so systematically in opioid-related litigations around the country, undeterred by a succession of adverse decisions in which motions to remand have been granted, and in which many federal district courts have expressly rejected the same baseless arguments that they asserted in this action.

Defendants have not removed this action because there is a plausible basis for federal jurisdiction. They have done so because they hope to delay any substantive development of Plaintiffs' case interminably. Specifically, they are trying to force this action to disappear into the traffic jam that is the opioid multi-district litigation ("MDL") pending in the Northern District of Ohio. Because this action raises exclusively state law claims, the Court should move swiftly and decisively to thwart Defendants' attempt to abuse the mechanism of removal of state law claims to a federal court, which should be reserved only for those classes of cases that truly belong here.

---

[1] This motion has been supplemented to add a request for oral argument which was inadvertently left out of the original filing.

## II.    ARGUMENT

### A.  The Court Should Immediately Remand this Action on a Summary Basis Without Further Briefing, or, at a Minimum, Schedule an Expedited Hearing

The Supreme Court has long held that, "[w]ithout jurisdiction[,]" this Court, and any other court, "cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869). Congress agrees, and has made clear that, "[i]f at *any time* […] it appears that [a] district court lacks subject matter jurisdiction,[2] the case *shall* be remanded." *See* 28 U.S.C. § 1447(c) (emphasis added). The Court need not wait for a response to this motion and does not require *any motion at all*—it is well-settled that a court may remand an action on its own initiative should subject matter jurisdiction be lacking. *See, e.g.*, *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (stating that district courts "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)); *Bank of America, N.A. v. Rozier*, No. 14-21294-CIV-MARTINEZ-GOODMAN, 2014 WL 12577610, at *1 (remanding case back to a state court sua sponte, stating that "[t]his Court's jurisdiction over a complaint is not presumed").

Respectfully, Plaintiffs ask this Court to summarily remand this action to the Seventeenth Judicial Circuit, Broward County, Florida, or in the alternative, shorten the briefing schedule on this motion pursuant to Fed. R. Civ. P. 6(c). Without an expeditious ruling on this motion before this case is transferred to the National Opiate Litigation MDL in the Northern District of Ohio, the adjudication of Plaintiffs' claims against Defendants would be indefinitely delayed.

An expedited resolution of the motion is particularly appropriate because Defendants presented no valid basis for removal, as the same purported bases for federal jurisdiction have been

---

[2] For the reasons stated in Section II(B), *infra*, the Court lacks subject matter jurisdiction over this action.

rejected by courts across the country. The "federal question" issue is not novel and is not in dispute. Resolving it will not create any possibility of inconsistent determinations. Defendants have failed to cite a single decision adopting their tired "federal question" argument.[3] To the contrary, courts have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors, and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state courts.[4]

---

[3] Footnote 2 in Defendants' Notice of Removal cited a number of cases that were "pending in the MDL, including dozens of actions originally filed in this district." Notice of Removal at 7 n. 2. However, the cited cases, as Defendants pointed out, were originated in a federal district court. But Plaintiffs' case was filed in a *state court*, and stated only state law claim. Defendants' cited cases are thus irrelevant and unpersuasive.

[4] *See, e.g.*, *DCH Health Care Authority et al., v. Purdue Pharma L.P., et al.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (S.D. Ala. Dec. 13, 2019) (denying defendants' motion to stay and granting Plaintiffs' motion to remand); *Kingman Hosp. Inc. v. Purdue Pharma L.P., et al.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *County of Kern v. Purdue Pharma L.P., et al.*, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P., et al.*, 2019 WL 3207795 (E.D. Va. July 16, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Illinois Public Risk Fund v. Purdue Pharma L.P., et al.*, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of El Monte, et al. v. Purdue Pharma L.P., et al.*, Case No. 2:19-cv-03588-JFW-PLA, Doc. No. 39 (C.D. Cal. June 18, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. Bd. of Arlington Cty. v. Purdue Pharma, L.P., et al.*, No. 1:19-cv-402, ECF No. 63 (E.D. Va. May 6, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Dunaway v. Purdue Pharma, L.P., et al.*, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of Boston, et al. v. Purdue Pharma L.P., et al.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (granting motion to remand, finding no federal question jurisdiction); *Tucson Medical Center v. Purdue Pharma*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *City of Reno v. Purdue Pharma, L.P., et al.*, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. of Anderson v. Rite Aid of S.C., Inc.*, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Weber County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Uintah County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (granting motion

Given Defendants' knowledge of adverse decisions by numerous federal courts rejecting their "federal question" argument in removal proceedings, the only possible reason for Defendants to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the transfer of the case into the MDL.

An expedited briefing schedule here is warranted, "because the right to litigate in the MDL depends on the existence of federal jurisdiction in the first place." *Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*, 2018 WL 1963816, at *3 (D. Md. Apr. 25, 2018) (citing Manual for Complex Litigation § 20.131 (4th ed. 2004)). "[I]f the federal court has no jurisdiction over a matter, then it can neither stay it nor transfer it to the MDL." *Craft v. United Insurance Co.*, 2002 WL 32509283, at *1 (S.D. Miss. 2002) (collecting cases from Alabama, West Virginia, Pennsylvania, New Jersey, New York, California and Wisconsin). Even after motion practice concerning MDL transfer is pending before the JPML, this Court retains the authority[5] and

---

to remand, finding no federal question jurisdiction existed); *New Mexico ex rel. Balderas v. Purdue Pharma, L.P., et al.*, 2018 WL 2942346, (D.N.M. June 12, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Delaware v. Purdue Pharma L.P., et al.*, 2018 WL 1942363 (D. Del. Apr. 25, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2018) (granting motion to remand, finding no federal question jurisdiction existed).

[5] This Court's ruling on Plaintiffs' Emergency Motion to Remand is in *no way* affected by the pendency of a motion for transfer to the MDL. Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend order and pretrial proceedings in the district court in which the action is pending and *does not in any way limit* the pretrial jurisdiction of that court. (emphasis added)

Accordingly, "[d]uring the pendency of a motion (or show cause order) for transfer, … the court in which the action was filed retains jurisdiction over the case." *See* Manual for Complex Litigation, Fourth, § 20.131 at 220 (citing J.P.M.L. R. P. 1.5; *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574 (J.P.M.L. 1973); *see also Wayman v. Southard*, 23 U.S. 1, 22 (1825) ("The judicial department is invested with jurisdiction in certain specified cases, in all which it has power to render judgment.").

responsibility to evaluate its subject matter jurisdiction. Its "first step should be to make a preliminary assessment of the jurisdictional issue," and, if this first step indicates that removal was improper, "then the court 'should promptly complete its consideration and remand the case to state court'" before the JPML makes a determination as to MDL transfer. *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001)). The Court should follow the lead of those other federal district courts that have expeditiously remanded opioid-related actions before they can be transferred to the MDL Court. *Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*, 2018 WL 1963816, at *3 (D. Md. Apr. 25, 2018).[6]

---

[6] *See also*, *e.g.*, *Dunaway v. Purdue Pharma, L.P.,* 2019 WL 2211670, at *3 (M.D. Tenn. May 22, 2019) ("It would be a waste of judicial resources for [a] case to proceed" in the federal courts if, ultimately, a federal court is not "the appropriate court to consider plaintiffs' claims.") (quotation omitted); *County of Anderson v. Rite Aid of South Carolina, Inc.*, No. 8:18-cv-01947, Doc. 44 (D.S.C. Aug. 20, 2018) (denying motion to stay, granting motion to remand) ; *Weber County, Utah v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089, Doc. 16 (D. Utah July 31, 2018) (denying stay in the action that the court later remanded); *Uintah County, Utah et al. v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00585, Doc. 16 (D. Utah July 31, 2018) (same); *County of Spartanburg v. Rite Aid of South Carolina, Inc.*, No. 7:18-cv-01799, Doc. 32 (D.S.C. July 27, 2018) (denying motion to stay, granting motion to remand); *County of Greenville v. Rite Aid of South Carolina, Inc.*, No. 6:18-cv-1085, Doc. 66 (D.S.C. May 21, 2018) (same); *County of Van Zandt v. AmerisourceBergen Corporation et al.*, No. 6:18-cv-00064, Doc. 73 (E.D. Tex. Apr. 16, 2018) (same);*Estate of Brockel v. Purdue Pharma L.P., et al.*, 1:17-cv-00521-KU-MU, Doc. No. 63 (S.D. Ala. Mar. 29, 2018); *Cty. of Falls v. Purdue Pharma, L.P., et al.*, 2018 WL 1518849 (W.D. Tex. Mar. 28, 2018) (denying motion to stay and granting motion to remand); *Cty. of Delta v. Purdue Pharma, L.P., et al.*, 2018 WL 1440485 (E.D. Tex. Mar. 22, 2018); *Cty. of Dallas v. Purdue Pharma L.P., et al.*, 3:18-cv-00426-M, slip op. at 7 (N.D. Tex. Mar. 7, 2018); *Brooke Cty. Comm'n, et al. v. Purdue Pharma L.P., et al.*, 5:18-cv-00009, slip op. at 17 (N.D.W. Va. Feb. 23, 2018) (granting motions to remand in eight cases brought by counties in West Virginia); *New Hampshire v. Purdue Pharma*, No. 17-CV-427-PB, 2018 WL 333824, at *4 (D.N.H. Jan. 9, 2018); *Cty. of Hopkins v. Endo Health Solutions Inc., et al.*, 4:17-cv-00845-ALM, Doc No. 7 (E.D. Tex. Dec. 20, 2017); *Staubus v. Purdue Pharma, L.P. et al.*, 2017 WL 4767688 (E.D. Tenn. Oct. 20, 2017). *Accord*, *e.g.*, *Baker v. Air Liquid Systems, Inc.*, 2011 WL 499963 (S.D. Ill. Feb. 8, 2011) (remanding action during pendency of transfer motion practice before JPML); *Sandoval v. Bausch and Lomb, Inc.*, 2008 WL 11343014 (C.D. Cal. Aug. 8, 2008) (same); *Moton v. Bayer Corp.*, 2005 WL 1653731 (S.D. Ala. July 8, 2005) (same; citing cases).

Plaintiffs have a right to proceed in a timely manner on their claims and, equally important, to do so in a court that has subject matter jurisdiction. This case does not belong in federal court. Nor does the potential transfer to the MDL in any way precludes a ruling from this Court on the remand motion. If this Court does not act expeditiously, given that the MDL court has placed a moratorium on all motions to remand,[7] Defendants' delay strategy would work successfully to delay Plaintiffs' pursuit of justice. *See City of Worcester v. Purdue Pharma L.P., et al*, No. 4:18-11958-TSH, Doc. 36, at 4 (D. Mass. Nov. 21, 2018) ("Needlessly causing delays when there is clearly no jurisdiction would . . . constitute a travesty of justice.").

Plaintiffs therefore respectfully submits that the Court should expedite its consideration of remand to avoid rewarding Defendants' stall tactics.

## B. There Is No Federal Subject Matter Jurisdiction and This Action Must Be Remanded

### 1. The Removal Statute Must be Strictly Construed and All Doubts Should be Resolved Against Removal

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1095 (11th Cir. 1994). The Eleventh Circuit recognized the restriction on federal judicial power and ruled that courts should "['']strictly construe[ ] the right to remove['] and apply a general [']presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. [']" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882) (11th Cir. 2007) (citing *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir.2001)). As such, "the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Connecticut State Dental Association v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). *See also Hosp. of Miami, Inc. v. Humana Health Ins. Co.*

---

[7] *See* Order Regarding Remands, *In re: Nat'l Prescription Opiate Litigation*, No. 17-md-2804, Doc. No. 130 (N.D. Ohio Feb. 16, 2018).

*of Fl., Inc.*, No. 1:15-CV-22009-UU, 2015 WL 11237013, at *2 (S.D. Fla. Aug. 19, 2015)(same) (citation omitted). If the Court determines that the removing party has failed to meet its burden, then the Court should remand the case back to the state court.

Moreover, when ambiguities arise in determining whether federal jurisdiction is established, "all doubts should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).[8]

### 2.   There Are No Federal Claims on The Face of The Complaint

["F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (same). "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 116 (1936).

---

[8] Footnote 3 in Defendants' Notice of Removal argued for the opposite position. However, defendants cited to no authority from this district or the Eleventh Circuit in support of their proposition. The cases cited by Defendants did not even discuss whether defendants bear the burden to establish that the removal is proper, thus, could not and did not support their argument. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693 (2003) (the Supreme Court discussed the issue of "whether the provision of the Fair Labor Standards Act of 1938 (FLSA or Act) . . . bars removal of a suit from state to federal court"); *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 370 (2012) (the Supreme Court discussed the issue of "whether Congress' provision for private actions to enforce the TCPA renders state courts the exclusive arbiters of such actions" and held, "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA"). Moreover, the exact same argument was flatly rejected by a district court in the 11th Circuit. *See DCH Health Care Authority et al.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 ("Kroger suggests the burden is actually on the plaintiff to show the absence of federal jurisdiction, [citation omittied], but it misreads *Breuer v. Jim's Concrete, Inc.*, 538 U.S. 691 (2003). . . . *Breuer* holds only that, pursuant to this statutory language, "whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." 538 U.S. at 698. The burden on the plaintiff, then, is only a burden to find an exception to removal, and that burden arises only after subject matter jurisdiction has been demonstrated by the removing defendant.").

Plaintiffs' claims and allegations contained within its Complaint are *all* founded upon state law, in this instance, the laws of Florida:

- Claim I and II are causes of action for violation of Florida RICO (Racketeer Influenced and Corrupt Organization) Act, Fla. Stat. Ann. §§ 895.01 *et seq.*;
- Claim III is a cause of action for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et Seq.*;
- Claim IV is a cause of action for fraudulent Practices – misleading advertising, Florida Statutes Title XLVI, Crimes § 817.41;
- Claim V is a cause of action for negligence under Florida common law;
- Claim VI is a cause of action for nuisance under Florida common law;
- Claim VII is a cause of action for unjust enrichment under Florida common law.

The "well-pleaded complaint rule" requires that the Court reads Plaintiffs' claims as they appear in Plaintiffs' own statements in the complaint in determining whether the claims arose under any federal law. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830 (2002) (citation omitted). *See also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n.20 (11th Cir. 2010) ("a defendant may remove on the basis of federal question jurisdiction only where that question appears on the face of the plaintiff's complaint."). As Defendants concede, Plaintiffs plead *solely* Florida state law claims. Thus, the "well-pleaded complaint rule" provides no ground for removal.

Further, "Defendant's right to remove and plaintiff's right to choose his forum *are not on equal footing*; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added). Because Plaintiffs do not seek relief under any federal law, no federal question is raised and no federal question jurisdiction exists.

### 3.   Defendants Fail to Establish Federal Jurisdiction

The Supreme Court has made it clear that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," and such jurisdiction will only lie in a very narrow category of cases which necessarily rest on a "substantial federal question." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). *Accord Gunn v. Minton*, 568 U.S. 251, 258-60 (2013). District courts therefore must exercise "prudence and restraint" when determining whether a state cause of action presents a substantial federal question because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow*, 478 U.S. at 810.

Defendants argue that Plaintiffs' state law claims somehow arise under federal law, but the basis for their contention is the scant references to federal statutes in the Complaint. Defendants further argue that their duties arise *solely* under the federal Controlled Substances Act ("FCSA") and its implementing regulations. As such, they argue that this Court has jurisdiction because "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Not. Removal at ¶30 (citing *Gunn*, 568 U.S. at 258).

First, Defendants' meritless arguments have been *expressly* and *repeatedly* rejected by other courts.[9] Thus far, courts, including the MDL court and a district court in the Eleventh Circuit, have *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state court. *See*, *e.g.*, *DCH Health Care Authority et al., v. Purdue Pharma L.P., et al.*, No. 9-0756-WS-C, 2019 WL 6493932, at *3 (S.D.

---

[9] *See supra* n.3.

Ala. Dec. 13, 2019) (finding that "references to the CSA" "does not of itself establish that the complaint [']necessarily raise[s]['] a federal issue."); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987 at *3 (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *Commonwealth of Kentucky et al. v. Walgreens Boots Alliance, Inc. et al.*, No. 1:18-op-46311-DAP, Doc. No. 13, at 3-4 (N.D. Ohio Jan. 14, 2019) (remanding action brought by Kentucky and finding that no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899, at 6 (remanding action brought by the State of Montana to a state court in Montana, finding no federal issue was raised by the plaintiff's complaint); *Tucson Med. Ctr. v. Purdue Pharma, L.P., et al.*, 2018 WL 6629659, at *3 (D. Ariz. Dec. 19, 2018) ("AmerisourceBergen has failed to show that the Plaintiff must prove a violation of federal law in order to prevail on its claims. Under the *Gunn* framework, this is cause enough to order a remand."); *Kingman Hospital Inc. v. Purdue Pharma, L.P., et al.*, Case No. 3:19-cv-08240, Doc. No. 11 (D. Ariz. Aug. 27, 2019). *County of Kern*, 2019 WL 3310668, at *3 ("In short, Plaintiffs do not plead any federal causes of action on the face of their complaint. Their claims do not necessarily raise a federal issue because the claims' validity does not depend on questions of federal law."); *Mecklenburg Cnty.*, 2019 WL 3207795, at *6 ("As a preliminary matter, every Count of the Complaint is a state law claim either under a Virginia statute or Virginia common law. . . . Further, although the Complaint references the CSA and the defendants' reporting requirements under federal law, no claims depend exclusively (or even primarily) on their duty under federal law. Instead, each claim could go forward even without a reference to federal law. Accordingly, the Court does not have federal question jurisdiction over the claims."); *Illinois Public Risk Fund*, 2019 WL 3080929, at *2 ("As many other courts have

found in similar cases concerning the manufacture and distribution of opioids, these alleged state-law duties mean that the construction of the Controlled Substances Act is not a necessary part of the plaintiff's claims."); *City of Worcester v. Purdue Pharma et al*, Case No. 4:18-cv-11958-TSH (D. Mass. Nov. 21, 2018) (remanding the case because allegations regarding defendants' purported violations of the FCSA did not provide a basis for federal question subject matter jurisdiction); *City of Reno*, 2018 WL 5730158, at *4 (ruling that "because the complaint does not [']necessarily['] raise a [']disputed and substantial['] federal question, [']['t]his case cannot be squeezed into the slim category *Grable* exemplifies[']") (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 681 (2006)); *Weber County, Utah*, 2018 WL 3747846, at *5 (finding that the plaintiff "asserts only state law claims, and provides bases for the claims which do not arise out of or necessarily depend on an interpretation of a disputed CSA provision" and thus "the Complaint does not necessarily raise federal issues").

In every one of these cases, the defendants contended that state law claims necessarily presented a substantial federal issue because the claims arose under the CSA or otherwise necessarily were based, somehow, on the federal regulatory scheme pertaining to pharmaceutical products. In every one of these cases, the defendants lost. Yet, they persist in removing cases in which similar state law claims are asserted. For instance, in *City of Granite City, Ill. v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367 (S.D. Ill. July 13, 2018), defendants had removed the case based on federal question. The district court remanded the action to state court, *sua sponte*, without awaiting a formal motion to remand. In *DCH Health Care Authority et al v. Purdue Pharma L.P., et al.*, the defendants argued, as they do here, that "[state law] imposes no duty other than to follow federal law, such that federal law remains the exclusive source of duty." 2019 WL 6493932, at *3. *See also* Not. Removal at ¶ 23. That argument was rejected. *See id.* at

*4. ("[S]ince [Defendant] does not explain how the content of any state statutory or regulatory duty to report and stop suspicious orders must perforce be supplied by federal law, the Court will not indulge any such assumption."). Similarly, the Court should reject Defendants' arguments here.

Defendants' attempts to remove cases brought by hospital plaintiffs in state courts on an alleged "federal question jurisdiction" basis have also failed *repeatedly*. For instances, in three recent actions brought by hospitals against the Defendants, the same lines of arguments have been repeated, and flatly rejected. *See DCH Health Care Authority et al.*, 2019 WL 6493932, at *5 (court rejected the argument that "a federal issue is necessarily raised because the complaint [']implicates the actions of['] the Drug Enforcement Agency ("DEA") and because it [']amounts to a collateral attack on an entire [federal] regulatory scheme.[']"); *Tucson Med. Ctr.*, 2018 WL 6629659, at *1 (court rejected argument that "state law claims [that] necessarily raise federal questions under 21 U.S.C. §§ 801, the Controlled Substances Act ("CSA")."); *Kingman Hospital Inc.*, Case No. 3:19-cv-08240, Doc. No. 11, at 2 (court rejected argument that "Defendants thus argue that Plaintiffs' [']right to relief necessarily depends on resolution of a substantial question of federal law[']—namely, responsibilities under the Controlled Substances Act.") (citation omitted).

Second, none of the *Gunn* elements for removal are met in Plaintiff's case. The FCSA "provides no federal cause of action." *New Mexico*, 2018 WL 2942346, at *4. The fact that there is no cause of action under the FCSA itself strongly militates against the notion that state law claims relating to its subject matter necessarily implicate substantial federal questions. The "congressional determination [that] there should be no federal remedy for the violation of th[e] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation

of the statute as an element of a state cause of action is insufficiently ['']substantial['] to confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 814. "When we conclude that Congress has decided not to provide a particular federal remedy, we are not free to ['']supplement['] that decision in a way that makes it ['']meaningless.[']" *Merrell Dow Pharm.*, 478 U.S. at 812 n.10. *See also Jairath v. Dyer*, 154 F.3d 1280, 1284 (11th Cir. 1998) ("We conclude that the congressional intent not to provide a private damages remedy for this kind of ADA violation is, in the instant case, just as it was in *Merrell Dow*, ['']tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.[']") (citing *Merrell Dow*, 478 U.S. at 814).

More importantly, when a claim may be supported by a federal law theory but *also* an alternative theory which would *not* require resolution of "substantial federal questions," federal jurisdiction *does not exist*. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988) (finding that if a claim is supported not only by a theory establishing federal subject matter jurisdiction but *also* by an alternative theory which would *not* establish such jurisdiction, then federal subject matter jurisdiction *does not exist*)). Here, Plaintiffs' Complaint implicates numerous statutory and common law duties arising under state law.[10] The Complaint, like others

---

[10] *See, e.g.,* Compl. ¶ 471 ("Each Defendant was also required to obtain permits from Florida's Department of Business and Professional Regulation, and certify compliance with Florida law."); *See also* Compl. ¶ 471 ("The Defendants also had legal duties under Florida common law, statutes and regulations to maintain adequate records, and prevent diversion, and to monitor, report, and prevent suspicious orders of prescription opioids. This includes the common law of fraud, statutes designed to generally prohibit unfair and deceptive acts in commerce, as well as statutes specifically prohibiting deceptive practice relating to drugs."); Compl. ¶ 471 ("Each prescription drug wholesale distributor, out-of-state prescription drug wholesale distributor, retail pharmacy drug wholesale distributor, manufacturer, or repackager that engages in the wholesale distribution of controlled substances as defined in s. 893.02 shall submit a report to the department of its receipts and distributions of controlled substances listed in Schedule II, Schedule III, Schedule IV, or Schedule V as provided in s. 893.03."); Compl. ¶ 471("Fla. Stat. Ann. § 499.0121(15)(b) further requires as follows: . . .. A wholesale distributor must establish internal policies and procedures for identifying suspicious orders and preventing suspicious transactions."); Compl. ¶ 472 ("Defendants also violated Fla. Stat. Ann. § 499.0121(15) (c), which provides that [']a wholesale distributor may not distribute controlled substances to an entity if any criminal history record check

asserted against the defendants elsewhere, cannot be plausibly construed as asserting claims that

necessarily require resolution of substantial federal questions because it invokes many duties and

requirements arising under state law. For instance, the Complaint alleges, among others, "[t]he

Marketing and Supply Chain Defendants violated Florida laws in failing to report suspicious orders

of opioid pain medications, in failing to maintain effective controls against the diversion of opioids

into other than legitimate medical channels, and in failing to operate a system to stop or at least

diligently respond to orders which is flagged or should have been flagged as suspicious." Compl.

¶ 909. "In addition to failing to abide by their general common-law duties, Defendants also violated

---

for any person associated with that entity shows that the person has been convicted of, or entered a plea of guilty or nolo contendere to, regardless of adjudication, a crime in any jurisdiction related to controlled substances, the practice of pharmacy, or the dispensing of medicinal drugs.[']"); Compl. ¶ 527 ("Defendants violated Florida law in failing to report suspicious orders of opioid pain medications in Florida. Defendants violated Florida law in failing to maintain effective controls against the diversion of opioids into other than legitimate medical channels. Defendants also violated Florida law in failing to operate a system to stop orders which is flagged or should have been flagged as suspicious."); Compl. ¶ 580 ("The Distributor Defendants breached their duty to "design and operate a system to disclose to the registrant suspicious orders of controlled substances" and failed to inform the authorities, including the DEA, of suspicious orders when discovered in violation of their duties under state law."); Compl. ¶ 658 ("The National Retail Pharmacies, like manufacturers and other distributors, are permittees under the Florida Drug and Cosmetic Act ("FLDCA"). National Retail Pharmacies further violated statutory duties embodied in the Florida Pharmacy Act, Chapter 465. Chapter 465 governs pharmacies and requires them to verify the validity of prescriptions, the identity of patients receiving controlled substances, adopt procedures to prevent the dispensing of controlled substances based on misrepresentations and invalid physician relationships, and ensure the security of the prescriptions, among other obligations. *See* Fla. Stat. Ann. §§ 465.015, 465.0155, 465.022, 465.023, 465.024. The Florida Legislature determined that every pharmacy in the State "meet minimum requirements for safe practice." *Id.* § 465.002. The duty to prevent diversion lies with the pharmacy entity, not the individual pharmacist alone."); Compl. ¶ 867 ("At all relevant times, Defendants, in violation of the above statutes, conducted (managed) or participated, directly or indirectly, in the conduct (management) of the False Narrative Enterprise, through a pattern of unlawful activity, by engaging in multiple, repeated, and continuous violations of Florida law proscribing fraudulent marketing practices, Fla. Stat. Ann. § 817.0345, Florida law proscribing unauthorized sales or distribution of any controlled substance, Fla. Stat. Ann. § 893.13. The Defendants transmitted electronic communications to designated persons for ostensibly legitimate purposes, but with the actual, unlawful purpose of engaging in an intentional scheme to defraud Plaintiffs, other hospitals, health care providers, patients and their families and, in general, the American public. The Defendants have not undertaken the practices described herein in isolation, but as part of a common scheme and conspiracy. In violation of Fla. Stat. § 895.03(4), the Defendants conspired to violate of Fla. Stat. Ann. § 772.103(3)").

statutory duties embodied in the FDCA, Fla. Stat. Ann. §§ 499.001 *et seq.*" Compl. ¶ 910. As the court has found in *Delaware*, "[a]lthough the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law," and thus "it is possible for the state law claims to be resolved solely under state law." 2018 WL 1942363, at *2. Thus, Defendants' argument that plaintiffs' claims "necessarily raised a stated federal issue" is incorrect and must be rejected. *See* Not. Removal at ¶ 43.

Defendants further fail to establish that any "federal interest" in this case is "substantial." Defendants suggested that because certain of the Florida statutes cited in the Complaint incorporate federal standards, that somehow created a federal question. Notice of Removal, at ¶39.[11] This is simply wrong. Mere references to federal laws and regulations simply "do [] not operate to unlock the federal courts." *West Virginia*, 2017 WL 357307, at *8. Here, the mere references to federal laws and regulations in the Complaint does not create a "substantial" federal question. In fact, the Supreme Court in *Merrell Dow* flatly "rejected" the "suggestion" (that had previously gained traction in some courts) that "where a state law incorporates federal law as the applicable state standard… this is enough to create federal-question jurisdiction…." *See Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1292 (11th Cir. 2004) (finding that "it is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action") (citing *Merrell Dow*, 478 U.S. at 814). *See also*

---

[11] Further, nowhere in the Complaint did Plaintiffs raise "a substantial federal question" or "attempt to enforce the CSA" See Not. Removal at ¶40. To be clear, Plaintiffs alleged that Defendants "contributed substantially to the opioid crisis by selling and distributing far greater quantities of prescription opioids than they know should be necessary for legitimate medical uses, while failing to report, and take steps to halt, suspicious orders when they were identified, thereby exacerbating the oversupply of such drugs and fueling an illegal secondary market." Compl. ¶ 72. No claim in this action arises under federal law or attempt to enforce the FCSA.

*Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 89 (5th Cir. 1986) (citing *Merrell Dow*, 478 U.S. at 817,

holding that "a complaint alleging a violation of a federal statute as an element of a state cause of

action, when Congress has determined that there should be no private, federal cause of action for

the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United

States. 28 U.S.C. § 1331."). In *Grable & Sons Metal Products, Inc.*, the Supreme Court reiterated

the conclusion and stated that "if the federal labeling standard without a federal cause of action

could get a state claim into federal court, *so could any other federal standard without a federal*

*cause of action.*" 545 U.S. 308, 318 (2005) (emphasis added). In sum, Defendants' argument must

be rejected.

Even if one or more of Plaintiffs' state law claims were premised *in part* on violations of

federal law, that, by itself would not be "substantial" enough to invoke federal jurisdiction. "The

fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine

whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction—the

implicated federal issue must be *substantial*." *Dunlap*, 381 F.3d at 1292 (emphasis in original)

(citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1,13, 103 S.Ct.

2841, 77 L.Ed.2d 420 (1983)). *See also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290,

1300 (11th Cir. 2008) *(*finding that "the federal courts have rejected the ['] expansive view that

mere need to apply federal law in a state-law claim will suffice to open the 'arising under'

door.[']"(citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545

U.S. 308, 313, 125 S.Ct. 2363, 2367 (2005)); *In Re: Nat'l Prescription Opiate Litig.*, MDL No.

2804, Doc. No. 899, at 5-6 (N.D. Ohio Aug, 23, 2018) (finding that "the presence of a claimed

violation of the statute as an element of a state cause of action is insufficiently 'substantial' to

confer federal-question jurisdiction. . . . [Plaintiff] does not assert that [Defendant]'s drug labels

violate the [federal statute]. However, even if they had, *Merrell Dow* instructs that this would still not be substantial enough to warrant federal question jurisdiction. Thus, as all doubts about removal should be resolved in favor of remand, the Court finds that remand in this case is proper." (quoting *Merrell Dow Pharm.*, 478 U.S. at 814). In any event, a state court "is competent to apply federal law, to the extent it is relevant," particularly, when as here, the claims pleaded are governed by state law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 681 (2006).

In sum, the Circuit Court of Broward County need not "necessarily" resolve any "substantial" federal question to adjudicate Plaintiffs' claims, much less one that would rise to the level of significant public importance "substantial to the federal system as a whole" as defined in *Gunn.*

## III.    REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Plaintiffs hereby respectfully request oral argument on their Motion to Remand. Plaintiffs' motion raises important questions of law regarding application of 28 U.S.C. § 1447(c). Plaintiffs submit that oral argument will assist the Court in rendering a decision on this Motion by allowing the Court to question counsel for the parties and more fully examine the record. Plaintiffs estimates that oral argument on the motion can be completed within thirty (30) minutes.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully pray that, pursuant to 28 U.S.C. § 1447(c), this action be promptly remanded to the Seventeenth Judicial Circuit, Broward County, Florida. Plaintiffs further request that the Court to set an expedited briefing schedule for this motion.

Dated: December 19, 2019.                     Respectfully Submitted,

By:     */s/ William R. Scherer*
Bruce S. Rogow, Esq.
Fla. Bar No. 067999
Bruce S. Rogow, P.A.
100 NE Third Avenue, Suite 1000
Fort Lauderdale, FL  33301
Tel:  (954) 767-8909
Fax:  (954) 764-1530
brogow@rogowlaw.com

William R. Scherer
Conrad & Scherer, L.L.P.
633 South Federal Highway
Eighth Floor
Fort Lauderdale, FL 33301
Tel. (954) 847-3362
wscherer@conradscherer.com

John W. (Don) Barrett
David McMullan, Jr.
Richard Barrett
Sterling Starns
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net
sstarns@barrettlawgroup.com


*Attorneys for All Plaintiffs*

20

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 19th day of December 2019, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ William R. Scherer*
William R. Scherer
**Conrad & Scherer, L.L.P**
633 South Federal Highway
Eighth Floor
Fort Lauderdale, FL 33301
Tel. (954) 847-3362
wscherer@conradscherer.com
