# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

FLORIDA HEALTH SCIENCES CENTER, INC., *et al*,

        Plaintiffs,

v.

RICHARD SACKLER, *et al*,

        Defendants.

Case No.  0:19-cv-62992-CIV
MARTINEZ/Snow

# PLAINTIFFS' REPLY MEMORANDUM
# IN SUPPORT OF EXPEDITED MOTION TO REMAND

Plaintiffs, Florida Health Sciences Center, Inc., North Broward Hospital District, Halifax Hospital Medical Center, Bayfront HMA Medical Center, LLC, CGH Hospital, Ltd., Central Florida Health, Citrus HMA, LLC, Crestview Hospital Corporation, Delray Medical Center, Inc., Flagler Hospital, Inc., Good Samaritan Medical Center, Inc., Haines City HMA, LLC, Hernando HMA, LLC, Hialeah Hospital, Inc., HMA Santa Rosa Medical Center, LLC, Key West HMA, LLC, Lake Shore HMA, LLC, Lake Wales Hospital Corporation, Larkin Community Hospital Palm Springs Campus, LLC, Leesburg Regional Medical Center, Inc., Lifemark Hospitals of Florida, Inc., Live Oak HMA, LLC, Naples HMA, LLC, North Shore Medical Center, Inc., Osceolasc LLC, Palm Beach Gardens Community Hospital, Inc., Port Charlotte HMA, LLC, Punta Gorda HMA, LLC, St. Mary's Medical Center, Inc., Starke HMA, LLC, The Villages Tri-County Medical Center, Inc., Venice HMA, LLC, Larkin Community Hospital, Inc., Larkin Community Hospital Behavioral Health Services, Inc. (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit this reply memorandum in support of the Expedited Motion to Remand and Supplemental Motion (D.E. 10 and 13, construed by the Court as an amended motion, referred to hereinafter as the "Remand Motion"). For the reasons stated below, and in Plaintiffs' initial moving papers, the motion should be granted.

**I.     Argument**

**A.  Defendants' Federal Question argument is *Still* Baseless**

Defendants dedicated the majority of the Opposition to Plaintiffs' Motion to Remand (D.E. 40, hereinafter, "Opposition") to rehash arguments raised in another motion that was filed separately in this action. Not directly responding showed the weakness in Defendants' arguments on the core issue concerned in the Remand Motion: whether federal question jurisdiction exists in this action. It does not. As the Remand Motion and the Complaint demonstrated, this action raises

exclusively state law claims and no claim asserted by Plaintiffs arises under any federal statutes. Thus, the case belongs in state court.

As stated in the Remand Motion, the "federal question" issue is not novel and is not in dispute. The issue is simple for two reasons. The Supreme Court has made clear that "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction," and such jurisdiction will only lie in a very "narrow" category of cases which "necessarily rest" on a "substantial federal question." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Second, even if a claim may be supported by a federal law theory which establishes federal jurisdiction (which this case does not) but *also* an alternative theory which would *not* require resolution of "substantial federal questions," federal jurisdiction *does not exist. Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988) (finding that if a claim is supported not only by a theory establishing federal subject matter jurisdiction but *also* by an alternative theory which would *not* establish such jurisdiction, then federal subject matter jurisdiction *does not exist*)). *See also Plant Food Systems, Inc. v. Foliar Nutrients, Inc.,* No. 6:11-cv-1880-Orl-28DAB, 2012 WL 5387701, at *6 (M.D. Fla. Oct. 3, 2012) (finding no federal jurisdiction existed when "there are [']reasons completely unrelated to the provisions and purposes['] of federal []law why petitioners [']may or may not be entitled to the relief they seek,['] the claim does not [']arise under['] federal [] law") (citation omitted).

Notably, even the *MDL Court*, which Defendants offer to adjudicate this question, has rejected the federal question jurisdiction argument, and did so swiftly in an economical two pages of analysis contained in a six-page order. *In Re: Nat'l Prescription Opiate Litig.,* MDL No. 2804 at 5-6 (N.D. Ohio Aug, 23, 2018) (quoting *Merrell Dow Pharm.*, 478 U.S. at 814) (remanding action brought by the State of Montana to a state court in Montana, finding that "the presence of a

claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction. . . . *[Plaintiff] does not assert that [Defendant]'s drug labels violate the [federal statute]*") (emphasis added). The MDL court *made the same finding* in a later decision. *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "*[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous*") (emphasis added).[1]

Defendants' goal is not to convince the Court that they were right on the jurisdictional issue – their objective is to convince the Court that there was something mysterious and complicated that required more than a few steps of analysis, so that the Court kicks the case down the road. But there is nothing here to kick down the road. As shown in the Remand Motion, courts have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors, and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state court. *See* Remand Motion at 3, 9-12. Defendants offer the court opinions where federal jurisdiction was based on interpretation and application of federal law[2], failing to rebut the overwhelming number of opioid-related litigations that have rejected their position on the same issue presented here. Defendants' omission

---

[1] Defendants contended that this ruling was based on consideration of the state court judge's requesting the cases to be sent back to the state court. *See* Opposition at 15. Defendants omitted the fact that the MDL court's ruling on the issue of federal question jurisdiction was based on the court's "careful[] review[] [of] the case in question." MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019). Whether the state court Judge requested the case back is irrelevant to the finding that "[t]here are *no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous.*" *Id.* (emphasis added).

[2] *See* Opposition at 10, citing cases from other Circuit courts that discussed the application and interpretation of the "equal-footing doctrine" under the Constitution, Rivers and Harbors Act, and Clean Water Act, none of which are relevant to this action.

3

of any meaningful discussion of or reliance on the opioid cases which do address federal question jurisdiction underscores the weakness of their position.

As stated in the Remand Motion, "[g]iven Defendants' knowledge of adverse decisions by numerous federal courts rejecting their [']federal question['] argument in removal proceedings, the reason for Defendants to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the transfer of the case into the MDL." Remand Motion at 4. The most that Defendants could show was that *some* courts have elected to *defer* consideration of the issue. But *no court anywhere* has bought the Defendants' argument that there is federal subject matter jurisdiction over Plaintiffs' state law claims.[3] It is thus unnecessary for Plaintiffs to take Defendants' invitation to further opine on the irrelevant minutiae of federal law and regulations extensively. *See* Opposition at 11-13. *See also* Remand Motion at 12-17.

Defendants' argument as to whether Florida statutes impose a duty upon them to "halt or [']refuse to fill['] suspicious orders" confirms that the Complaint raises solely state law issues. Opposition at 11. Whether a duty is explicitly imposed or implied under the relevant Florida statutes raises an issue under Florida state law, not Federal law. Regardless, when ambiguities arise

---

[3] Defendants' citations to a number of cases that were either transferred by the JPML or have been stayed by some courts pending transfer by the JPML added nothing to the argument on federal question jurisdiction. *See* Opposition at 5-9. Indeed, these cases were cited in support of the motion to stay, and were irrelevant to establish any substantial federal question was necessarily raised in this action. And, of those courts that have deferred to the MDL Court, some expressed an expectation that the MDL Court would decide the issue. *See, e.g. Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma L.P.*, No. 6:18-cv-00372 (E.D. Okla. Apr. 3, 2019) (cited by Defendants) ("The Court is confident that plaintiff's remand motion would be heard and ruled by the MDL court in due time."). Whether those district courts which have deferred to the MDL Court would have done so had they known that the remand motions would sit in abeyance indefinitely is undetermined. But consigning a threshold federal jurisdiction question to an unknown detainment is not a principled outcome for a court or the parties seeking to vindicate their claims.

in determining whether federal jurisdiction is established, "all doubts should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In sum, the Complaint asserted solely Florida state law claims, and Defendants failed to show a federal issue was: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005).[4]

### B. Plaintiffs' Remand Motion Should be Resolved on an Expedited Schedule

A federal district court has an affirmative obligation to evaluate its jurisdiction. *See e.g., Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (stating that district courts "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)); *Bank of America, N.A. v. Rozier*, No. 14-21294-CIV-MARTINEZ-GOODMAN, 2014 WL 12577610, at *1 (remanding case back to a state court sua sponte, stating that "[t]his Court's jurisdiction over a complaint is not presumed").[5] As fully explained in the Remand Motion, there exists no federal question jurisdiction. Each of the claims asserted in the Complaint is founded upon Florida law. Nor is there diversity jurisdiction or any other plausible basis that would support a finding of federal

---

[4] Defendants referenced a summary judgement motion that was filed by a group of plaintiffs in the Opiate MDL. In that motion, the plaintiffs raised an issue under a federal statute and asked the court to interpret and apply the federal statute in their cases. *See* Opposition at 17-18. Unlike the parties in the MDL, Plaintiffs here pleaded solely Florida state law claims and raised no substantial federal question. Nor did Plaintiffs ask this Court to interpret or apply any federal statute. Thus, Defendants' argument that the referenced summary judgement motion showed that a federal issue existed here is unfounded.

[5] Defendants disagreed with the authorities in support of Plaintiffs' position, but failed to cite to an Eleventh Circuit opinion that stated the opposite.

5

jurisdiction. Accordingly, this case does not belong in federal court and the Remand Motion should be granted expeditiously.

Defendants' Opposition sent the clear message that they wished not to resolve the jurisdictional dispute in the removal proceedings, which they initiated, but to delay any movement in this action. Plaintiffs request that the Court expeditiously join other district courts nationwide that denounce delay:

> The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in order to delay—or altogether avoid—litigating these cases. The Court will therefore decide the motion to remand.

*Illinois Public Risk Fund v. Purdue Pharma L.P.*, 2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (granting plaintiff's motion to remand). *See also Tucson Medical Center v. Purdue Pharma LP*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand and denying motion to stay); *County of Kern v. Purdue Pharma L.P.*, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand and denying motion to stay, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, 2019 WL 3207795 (E.D. Va. July 16, 2019) (same); and *Illinois Public Risk Fund*, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed).

Plaintiffs have a right to proceed in a timely manner on their claims and, equally important, to do so in a court which has subject matter jurisdiction. The Court does not have subject matter jurisdiction. The potential for transfer to the MDL does not preclude this Court from remanding:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend order and pretrial proceedings in the district court in which the action is pending and *does not in any way limit* the pretrial jurisdiction of that court.

*See* Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation (emphasis added).

6

Plaintiffs respectfully submit that the Court should expedite its consideration of remand.

Compare:

> The Court finds that a stay is not warranted. First, [Plaintiff] notes that, even if a stay is brief in this case, any decision on the motion to remand could take a significant amount of time, maybe even over a year. This extensive delay is a significant prejudice to [Plaintiff] as it will not be able to effectively prosecute its case even though there is no federal jurisdiction. Further, judicial efficiency will not be promoted because the case should proceed in state court as soon as possible since there is no federal jurisdiction in this case.

*Dinwiddie County, Va. v. Purdue Pharma, L.P.*, 2019 WL 2518130, at *7 (E.D. Va. June 18, 2019) (granting motion to remand and denying motion to stay). *See also City of Worcester v. Purdue Pharma L.P.* (Doc. No. 55-7, p. 4) ("Needlessly causing delays when there is clearly no jurisdiction would . . . constitute a travesty of justice."). Defendants, for their part, have not demonstrated how they will be prejudiced by the prompt decision of this matter.

## II. CONCLUSION

For the foregoing reasons, and for the additional reasons stated in their previously filed Remand Motion, Plaintiffs respectfully request that the Court consider the Remand Motion on an expedited basis and order the action remanded to the Seventeenth Judicial Circuit, Broward County, Florida.

Dated: <u>January 6, 2020</u>                                    Respectfully Submitted,

                                              By:    <u>*/s/ William R. Scherer*</u>
                                                      William R. Scherer
                                                      Conrad & Scherer, L.L.P.
                                                      633 South Federal Highway
                                                      Eighth Floor
                                                      Fort Lauderdale, FL 33301
                                                      Tel. (954) 847-3362
                                                      wscherer@conradscherer.com

Bruce S. Rogow
Tara A. Campion
Bruce S. Rogow, P.A.
100 N.E. 3rd Avenue, Ste. 1000
Fort Lauderdale, FL 33301
Tel. (954) 767-8909
brogow@rogowlaw.com
tcampion@rogowlaw.com

John W. (Don) Barrett
David McMullan, Jr.
Richard Barrett
Sterling Starns
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net
sstarns@barrettlawgroup.com

Jonathan W. Cuneo
Cuneo Gilbert & LaDuca, LLP
Suite 200
4725 Wisconsin Ave., NW
Washington, DC 20008
Telephone: (202)789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com

*Attorneys for All Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January,2020 I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated <u>January 6, 2020</u>  */s/ William R. Scherer*
William R. Scherer
Conrad & Scherer, L.L.P.
633 South Federal Highway
Eighth Floor
Fort Lauderdale, FL 33301
Tel. (954) 847-3362
wscherer@conradscherer.com