UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
**CASE NO. 19-62992-CIV-MARTINEZ**

FLORIDA HEALTH SCIENCES
CENTER, INC., et al.,

    Plaintiffs,

v.

RICHARD SACKLER, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiffs' Supplemental Expedited Motion to Remand, [ECF No. 13]. Defendant CVS Pharmacy, Inc. ("CVS") filed its Response in Opposition, [ECF No. 40], to which the Plaintiffs have subsequently replied, [ECF No. 55]. Defendant CVS has concurrently filed its Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation, [ECF No. 30], arguing that the Court should defer ruling on the matter. The Court, having reviewed the Motions, the entire record, and with the benefit of oral argument, **GRANTS** Plaintiffs' Motion to Remand.

**I.   Background**

On September 16, 2019, Plaintiffs—a group of 27 hospitals and medical centers operating throughout the state of Florida—filed *Florida Health Sciences Center, Inc. v. Sackler*, in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida. The court assigned the action Case No. CACE-19-018882. Briefly summarized, the lawsuit asserts various state law claims against three groups of Defendants—the Marketing Defendants; the Distributor Defendants; and the Retail Pharmacy Defendants—concerning all Defendants' alleged

involvement in the overdistribution of prescription opioids into Florida. [ECF No. 1-1 at ¶¶ 124–235]. Specifically, Plaintiffs' Complaint asserts causes of action for violations of Florida's Racketeer Influenced and Corrupt Organization ("RICO") Act, violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), violations for false advertising under Florida statute, common law negligence, common law nuisance, and common law unjust enrichment. Defendants timely removed, identifying federal question as the basis for subject matter jurisdiction. CVS argues that the "sole source of Defendants' alleged duties underpinning this case is the federal Controlled Substances Act ('CSA')," thereby raising a substantial federal question sufficient for subject matter jurisdiction. The Court disagrees.

**II.    Analysis**

A. Motion to Stay

It is well-settled that "mere pendency of a motion to transfer before the Multidistrict Panel does not affect or suspend the jurisdiction of the transferor court, or limit its ability to act on matters properly before it." *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979); *see Waters v. Bausch & Lomb, Inc.*, Case No. 06-80547-CIV-DIMITROULEAS, 2006 WL 8433439, at *2 (S.D. Fla. July 28, 2006). Many district courts have held that the interests of judicial economy are best served by giving at least preliminary scrutiny to the merits of a motion to remand, even where a motion to transfer is pending before the JPML. *See Waters*, 2006 WL 8433439, at *2 (collecting cases). And in the context of the recent boom of opioid litigation, many district courts have in fact done so. *See, e.g., DCH Health Care Auth. V. Purdue Pharma, L.P.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (denying defendants' motion to stay and granting Plaintiffs' motion to remand); *Kingman Hosp. Inc. v. Purdue Pharma L.P.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without

further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *County of Kern v. Purdue Pharma L.P.*, No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed).

Additionally, a district court is "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). With these principles in mind, this Court finds that judicial economy will be best served by addressing the motion to remand first and denying Defendants' Motion to Stay.

B. Motion to Remand

As the removing party, Defendants bear the burden of showing the existence of federal subject matter jurisdiction. *See Conn. St. Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Additionally, "any substantial doubts as to the propriety of the removal must be resolved against proponents of the federal forum." *Waters*, 2006 WL 8433439, at *2 (internal quotation and citation omitted). In other words, "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Many opioid defendants—and many of the same Defendants in this case—have previously attempted to advance the argument that the CSA necessarily invokes a substantial federal question, and therefore, confers subject matter jurisdiction to the federal courts. The argument has been rejected and will be rejected again here.[1]

---

[1] *See, e.g., DCH Health Care Auth.*, 2019 WL 6493932, at *1 (denying defendants' motion to stay and granting Plaintiffs' motion to remand); *Kingman Hosp. Inc. v. Purdue Pharma L.P.*, No. CV-19-08240-

3

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction," and such jurisdiction will only lie in a very "narrow" category of cases that "necessarily rest" on a "substantial federal question." *Merrell Dow Pharm., Inc. v.*

---

PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *County of Kern v. Purdue Pharma L.P.*, No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Illinois Public Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of El Monte v. Purdue Pharma L.P.*, No. 2:19-cv-03588-JFW-PLA, Doc. No. 39 (C.D. Cal. June 18, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Cnty. Bd. of Arlington Cnty. v. Purdue Pharma, L.P.*, No. 1:19-cv-402, Doc. No. 63 (E.D. Va. May 6, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Dunaway v. Purdue Pharma, L.P.*, No. 2:19-cv-00038, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of Boston v. Purdue Pharma L.P.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (granting motion to remand, finding no federal question jurisdiction); *Tucson Medical Center v. Purdue Pharma*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-00454-MMD-WGC, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug. 23, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Cnty. of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18cv1947, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Weber Cnty., Utah v. Purdue Pharma, L.P.*, No. 1:18-cv-00089-RJS, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Uintah Cnty., Utah v. Purdue Pharma, L.P.*, No. 2:18-cv-00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of New Mexico ex rel. Balderas v. Purdue Pharma, L.P.*, No. 1:18-cv-00386-JCH-KBM, 2018 WL 2942346, (D.N.M. June 12, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of Delaware ex rel. Denn*, 2018 WL 1942363 (granting motion to remand, finding no federal question jurisdiction existed); *State of West Virginia ex rel. Morrisey*, 2017 WL 357307 (granting motion to remand, finding no federal question jurisdiction existed).

4

*Thompson*, 478 U.S. 804, 813 (1986); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1300 (11th Cir. 2008) (finding that "the federal courts have rejected the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door") (internal quotation and citation omitted).

Defendant asserts that "alleged violations of federal law necessarily form the basis for Plaintiffs' claims." *See* Def. CVS's Opp. to Pls.' Mot. Remand at 12, [ECF No. 40]. Nonetheless, "federal jurisdiction is not created by the mere fact that proof of a violation of a federal statute is an element of plaintiff's state-law cause of action." *Dunlap v. G & L Holding Grp., Inc.*, 381 F.3d 1285, 1292 (11th Cir. 2004).

Plaintiffs' Complaint lists a number of duties and requirements under Florida state law. *See, e.g.*, Compl. ¶ 471 ("The Defendants also had legal duties under Florida common law, statutes and regulations to maintain adequate records, and prevent diversion, and to monitor, report, and prevent suspicious orders of prescription opioids. This includes the common law of fraud, statutes designed to generally prohibit unfair and deceptive acts in commerce, as well as statutes specifically prohibiting deceptive practice relating to drugs."); Compl. ¶ 471 ("Each prescription drug wholesale distributor, out-of-state prescription drug wholesale distributor, retail pharmacy drug wholesale distributor, manufacturer, or repackager that engages in the wholesale distribution of controlled substances as defined in s. 893.02 shall submit a report to the department of its receipts and distributions of controlled substances listed in Schedule II, Schedule III, Schedule IV, or Schedule V as provided in s. 893.03."); Compl. ¶ 471("Fla. Stat. Ann. § 499.0121(15)(b) further requires as follows: . . .. A wholesale distributor must establish internal policies and procedures for identifying suspicious orders and preventing suspicious transactions.").

Defendants argue that, despite the explicit duties under Florida law listed in the Complaint, it is really the violation of the federally imposed duties under the CSA that give rise to Plaintiffs' asserted causes of action. As noted by Judge Steele in the context of Alabama state law, "it appears...that the duties imposed by the CSA are mentioned largely to demonstrate how clear those duties—running parallel to comparable state duties—are and thus to accentuate how inexcusable was the alleged conduct of [Defendants]." *DCH Health Care Auth.*, 2019 WL 6493932, at *3.[2]

As another court found in an opioid-related litigation, "[a]lthough the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law," and thus "it is possible for the state law claims to be resolved solely under state law." *State of Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-383-RGA, 2018 WL 1942363, at *2 (D. Del. Apr. 25, 2018). Similarly, the Court finds that Plaintiffs' state law claims can be resolved solely under Florida state law.

Lastly, the CSA itself provides no cause of action for Plaintiffs. This fact strongly militates against Defendants' argument that Plaintiffs' state law claims relating to the CSA's subject matter necessarily implicate substantial federal questions. *See Merrell Dow Pharm., Inc.*, 478 U.S. at 814 (finding no federal jurisdiction exists over a state law claim implicating a violation of federal branding rules, in part because no private right of action existed for that violation).

In sum, Defendants have not met their burden of demonstrating the existence of federal question jurisdiction to support removal. The Court agrees with the reasoning set forth in other

---

[2] At oral argument, Defendants also asserted that there are numerous defenses they intend to raise—including federal preemption of state statutes, etc. Nonetheless, because a federal question must appear on the face of Plaintiffs' Complaint to satisfy the well-pleaded complaint rule, a defense that presents a federal question cannot create removal jurisdiction. *See Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708 (11th Cir. 1997).

federal courts that have rejected substantially similar arguments brought by Defendants here. Namely, that the CSA does not confer federal subject matter jurisdiction for removal. The Court is not persuaded to find otherwise in this action.

### III. Conclusion

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant CVS's Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation, [ECF No. 30], is **DENIED.**

2. Plaintiffs' Supplemental Expedited Motion to Remand, [ECF No. 13], is **GRANTED.**

3. This case is remanded to the Seventeenth Judicial Circuit, Broward County, Florida.

4. This case is **CLOSED,** and all pending motions are **DENIED AS MOOT.**

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of January 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record
Magistrate Judge Snow